became effective January 1, 1948, T. D. 51802. The provision for:

Gloves and mittens, embroidered in any manner, wholly or in chief value of wool * * *

became effective on May 22, 1948, T. D. 51909. This latter provision ceased to be effective on December 11, 1950, because of China's withdrawal from the General Agreement on Tariffs and Trade, T. D. 52587.

While both modifications set out above were in effect and operative, the one for embroidered wool gloves governed because it was more specific, both as to name and as to component material. However, when the Chinese agreement was terminated by the President in T. D. 52587, the modification covering gloves and mittens, embroidered in any manner, wholly or in chief value of wool, was no longer effective, but this in no way changed the effectiveness of the provision for wearing apparel, etc., contained in the General Agreement on Tariffs and Trade. The views above stated are fully supported by the case of *United States* v. *American Bitumuls et al.*, 44 C. C. P. A. (Customs) 199, C. A. D. 661.

Since the subject merchandise was imported after the trade agreement with China had been terminated (T. D. 52587) and when the provisions of the General Agreement on Tariffs and Trade, *supra*, were in full force and effect, it follows that this merchandise is subject to the provisions of paragraph 1529 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, this merchandise having been imported from Japan.

For the reasons stated, we hold all the gloves covered by this suit which were assessed with duty at 90 per centum ad valorem under paragraph 1529 of the Tariff Act of 1930 to be properly dutiable under said paragraph 1529, as modified by T. D. 51802, *supra*, at the rate of 50 per centum ad valorem, as alleged by the plaintiff.

To the extent indicated, the specified claim in said suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.

BEFORE THE THIRD DIVISION, JANUARY 29, 1958

**No. 61512.**—World Commerce Corp. and American Express Company et al. *v.* United States, protests 270161–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise, facts, and issues are the same in all material respects as those the subject of *R. J. Saunders & Co., Inc.* v. *United States* (37 Cust. Ct. 267, C. D. 1834), the collector was directed to reliquidate the entries, assessing duty upon the basis of the unit appraised value per conditioned pound or kilo, multiplied by the total number of conditioned pounds or kilos, as set forth in the invoices.

**No. 61513.**—John J. Ryan & Sons, Inc., et al. *v.* United States, protests 292852–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise, facts, and issues are the same in all material respects as those the subject of *R. J. Saunders & Co., Inc.* v. *United States* (37 Cust. Ct. 267, C. D. 1834), the collector was directed to reliquidate the entries, assessing duty upon the basis of the unit appraised value per conditioned pound or kilo, multiplied by the total number of conditioned pounds or kilos, as set forth in the invoices.

BEFORE THE FIRST DIVISION, JANUARY 31, 1958

**No. 61514.**—Meadows Wye & Co., Inc., et al. v. United States, protests 297313–K, etc. (New York).

Opinion by MOLLISON, J. The protests were dismissed.

**No. 61515.**—The Danwill Company v. United States, protest 304861–K (New York).

Opinion by WILSON, J. The protest was dismissed.

BEFORE THE SECOND DIVISION, JANUARY 31, 1958

**No. 61516.**—Charles Garcia & Co., Inc., et al. v. United States, protests 289112–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of monofilament fishing lines the same in all material respects as those the subject of Abstract 60183, the claim of the plaintiffs was sustained.

**No. 61517.**—Newton Line Company, Inc. v. United States, protests 292509–K, etc. (Rochester).